**SOPRONYI et, Plaintiffs-Appellants, v. ASZTALOS, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2055.   Decided December 10, 1949.

Myers, Mills, Boesch & Cline, James T. Cline, of Counsel, Dayton, for plaintiffs-appellants.

William T. Pollak, Dayton, for defendant-appellee.

## OPINION

By THE COURT:

This is a law appeal from the Common Pleas Court affirming a judgment of the Municipal Court in favor of the plaintiff for $25.00 and costs, which the plaintiff claims is grossly inadequate.   The action was one for damages on two counts: (1) Real property damage in excess of the fair wear and tear under a lease; (2) conversion of personal property in said leased premises.

As to the damages to the real estate there was a total failure of proof as to the amount, as there was no evidence in the record to establish the market value either at the time of the defendant's entry upon the premises or at the time of the surrender.   The measure of damages is the difference

between the market value the property would have had at the time of the surrender of possession by the defendant. if it had remained in the condition in which it was at the time possession was taken by the lessee, and its market value in the condition in which it was placed by the action of the defendant during the tenancy. **Blosser v. Enderlin, 113 Oh St 121.** The plaintiff is entitled to recover such amount as will fairly and reasonably compensate him for the damage done as provided by the terms of the lease. The cost of repairs may be admitted in evidence but only for the purpose of assisting in arriving at the fair and market value of the real estate at the times under consideration. The record discloses. however, that the repairs cost the plaintiff practically nothing. as the son of the plaintiff made most of the repairs, for which no charge was made. There is also no showing made as to how much of the alleged damages was occasioned by reason of ordinary wear and tear, which was excepted.

Turning next to the items of personal property alleged to have been damaged, there is also failure of proof. The evidence offered on this subject was the cost of new items, which is not the proper test. The true measure of damages would be the reasonable market value of the property at the time of its conversion or, if only damaged, it would be the difference in the value of the property at the time it was received and when it was returned to the plaintiff, natural wear and tear being excepted.

We are in accord with the judgment of the trial court holding that the plaintiff was entitled to nominal damages. We find further that in fixing the amount of $25.00 the court was most fair and liberal to the plaintiff under the facts presented.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN. JJ, concur.